UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRACY A. PETERS,

        Plaintiff,

    v.        Case No. 15-C-546

PATRICK LYNCH, et al.,

        Defendants.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS (DOC. 2), DENYING AS MOOT PLAINTIFF'S MOTION TO
SHOW CAUSE (DOC. 9), AND DISMISSING PLAINTIFF'S CASE

Plaintiff, Tracy A. Peters, a federal prisoner proceeding *pro se*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging violations of his civil rights. Now, the matter is before the court on plaintiff's motion for leave to proceed *in forma pauperis*, his motion to show cause, and for screening of the plaintiff's complaint.

Plaintiff has been assessed and has paid his initial partial filing fee of $65.09. However, plaintiff failed to submit his initial partial filing fee by the original deadline. As a result, the court issued an Order to Show Cause why the case should not be dismissed for non-payment of the initial partial filing fee. Plaintiff's motion to show cause was a response to that order and does not seek independent relief. Additionally, the court received plaintiff's motion to show cause more than two weeks after receipt of plaintiff's tardy initial partial filing fee.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

2

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The claims in the complaint relate to plaintiff's 2006 federal criminal conviction for Second Degree Murder in Case No. 05-CR-253-WCG. The litany of defendants include federal prosecutors, FBI agents, Menominee Tribal Police, and the U.S. District Judge who presided in plaintiff's criminal case. Plaintiff suggests a conspiracy and violations of his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

Initially, plaintiff makes general assertions regarding policies that affected his criminal case. Plaintiff suggests that defendants conspired to create a policy, practice, or pattern in 2001 that lowered the federal evidentiary threshold from plausible to viable. He believes this lowered standard led to his indictment on September 22, 2005, and his April 20, 2006 conviction.

Plaintiff also asserts that the United States Attorney and the Federal Bureau of Investigation implemented a policy in 2001 of removing elements of Indian case charges.

He says they required his Menominee Tribe to submit more cases per month for federal indictment or risk losing federal funding for tribal law justice programs.

Plaintiff claims invidious racial animus towards him and suggests a policy of providing less investigative services in Indian cases than in non-Indian cases.

With regard to his own criminal case, plaintiff asserts arguments about the investigation of his crime and the evidence supporting his conviction. For example, he says he was denied material exculpatory evidence because police did not collect a golf club found some distance from certain trailers. The victim and his "gang" attempted to physically assault plaintiff by swinging the golf club at him and grazing his throat, then chased plaintiff with the golf club and discarded it where the officers saw it. Plaintiff believes a number of "Mexicans" who were witnesses left the country and that one of them may have left fingerprints on the murder weapon. Finally, plaintiff challenges the testimony of eyewitness Destiny Lyons.

Plaintiff seeks a jury trial in this case and injunctive and declaratory relief. He also mentions equitable tolling, but he gives no reason why his claims should have been equitably tolled.

As an initial matter, plaintiff may not proceed on claims that challenge his criminal conviction. Those claims must be pursued as a petition for a writ of habeas corpus under 28 U.S.C. § 2255. Plaintiff has already filed two petitions for writs of habeas corpus (Case Nos. 08-CV-729-WCG and 11-CV-220-WCG). Neither overturned plaintiff's conviction.

Next, plaintiff may not proceed on claims that call into question the validity of his criminal conviction. Such claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which bars any suit under § 1983 where "a judgment in favor of the plaintiff would

necessarily imply the invalidity of his conviction" unless the conviction has already be invalidated. The *Heck* rationale applies not only to § 1983 actions, but to *Bivens* actions as well. *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (applying *Heck* analysis to *Bivens* action).

Finally, it is apparent from the face of the complaint that this action is untimely, even if plaintiff had valid claims. A district court may dismiss a complaint if it is obvious that the plaintiff has failed to file suit within the applicable statute of limitations. *Limestone Dev. Corp., v. Vill. of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008); *Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). *See also Brooks v. Ross*, 578 F.3d 574 (7th Cir. 2009).

"The statute of limitations for § 1983 and *Bivens* actions is determined by the statute of limitations for personal injury actions in the state where the incident forming the basis of the claim occurred." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 913 (7th Cir. 2000). Wisconsin's personal rights statute of limitations is six years. Wis. Stat. § 893.53. Plaintiff filed this complaint on May 6, 2015, more than nine years after his conviction. Consequently,

IT IS ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to show cause (Doc. 9) is DENIED AS MOOT.

IT IS FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of Court enter judgment accordingly.

5

IT IS FURTHER ORDERED that the Director of the Bureau of Prisons or his designee shall collect from plaintiff's prison trust account the $284.91 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS ALSO ORDERED that a copy of this order be sent to the warden of the institution where the inmate is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 9th day of November, 2015.

>BY THE COURT
>
>/s/ C. N. Clevert, Jr.
>C. N. CLEVERT, JR.
>U.S. District Judge

7

Case 2:15-cv-00546-CNC   Filed 11/09/15   Page 7 of 7   Document 10